IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**KEVIN L. SMITH,**

    **Defendant.**

**Case No. 23-CR-30007-SPM-1**

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is Defendant Kevin L. Smith's Motion to Revoke United States Magistrate Judge Sison's February 10, 2023 Amended Order of Detention (Doc. 18) pursuant to 18 U.S.C. § 3145(b). (Doc. 49). Smith asks this Court to review the Order of Detention *de novo* and admit him to bail on a combination of conditions of release that will reasonably assure the safety of the community or any other person. (*Id.*). The Government opposes this Motion. For the reasons set forth below, the Motion is **DENIED**.

### RELEVANT FACTS AND PROCEDURAL HISTORY

The Government filed a two-count indictment against Smith on January 18, 2023 charging him with kidnapping in violation of 18 U.S.C. § 1201(a)(1) (Count 1) and with possession of a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 2). (*See* Doc. 1). In the Order of Detention (Doc. 17) and Amended

Order of Detention (Doc. 18)[1], Judge Sison argued that detention was warranted. He determined that the Government had met its burden of proof (1) because the nature and circumstances of the offense involved Smith kidnapping his pregnant girlfriend from work and transporting her across state lines to attempt to force her to have an unwanted abortion and (2) because the weight of evidence against Smith is strong and he faces a potentially lengthy sentence if convicted. (Doc. 17, p. 3).

First, the Government produced text messages sent from the victim to multiple family members as the event in question was ongoing. (*Id.*). Second, a firearm was recovered near the scene of the arrest and surveillance footage showed Smith ditching a firearm once police began following the vehicle. (*Id.*). Statements from the victim and from witnesses also corroborated the Government's version of events. (*Id.*). While Judge Sison determined that the testimony of Smith's mother indicated that he had a stable home plan (*Id.*), the fact that Smith attempted to contact the victim several times while on bond in the St. Clair County case was deemed to be determinative. (Doc. 18, p. 3). Especially because of witness tampering concerns associated with domestic violence situations (in which victims are pressured by their abusers to cease cooperation with law enforcement, resulting in charges being dropped), the fact that Smith made multiple attempts to contact the victim indicated to Judge Sison that there was a self-evident potential for witness tampering. (*Id.*). Additionally, Judge Sison noted that Smith has had multiple orders of protection entered against him in

---

[1] Judge Sison's original Order incorrectly stated that the victim had an active order of protection against Smith. (*See* Doc. 17, p. 3). This was corrected in the Amended Order. (*See* Doc. 18, p. 3).

the past, demonstrating "a pattern of intimidation and violence analogous to the instant matter." (*Id.*).

After considering the evidence, Judge Sison granted the Government's Motion to Detain. Judge Sison specifically considered Smith's criminal history, his lengthy period of incarceration if convicted, and the relationship of Smith with the victim. (*Id.*). Judge Sison then found by clear and convincing evidence that no condition or combination of conditions of release would reasonably ensure the safety of any other person and the community. (*Id.*). He further found by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure Smith's appearance as required. (*Id.*).

In the pending Motion, Smith argues that, contrary to Judge Sison's findings, he would not be a flight risk because his family resides in the St. Peters area. (Doc. 49, p. 2). He requests that he be released on electronic monitoring with location tracking and is amenable to curfew restrictions, removal of all firearms from the house, and random, unannounced visits from the pretrial services office. (*Id.*). Smith's parents have also agreed to post $5,000 to serve as collateral on a $50,000 bond to secure his release. (*Id.*).

Smith's primary argument is that the victim later recanted her testimony, which he claims indicates that her fear was fabricated. (Doc. 49, pp. 5–7; Doc. 53). He also states that the victim does not fear Smith at present. (*See* Doc. 49, p. 7; Doc. 53). Smith argues that his car "left the lot at an ordinary rate of speed" and that customers at the Mobil on the Run did not "react as if a kidnapping were in progress," which he

offers as evidence that he did not kidnap or threaten the victim. (Doc. 49, p. 6). Smith further asserts that he does not pose a danger to the community. (Doc. 49, p. 4). His key argument is that he and the victim "carried on their lives without violence or threats" while he was out on bond for forty days after being charged for the instant office in state court and before he was arrested in connection with the federal charges. (Doc. 49, p. 6–7).

The Government asserts that Smith's comments while in the squad car immediately after his arrest indicate that he was serious in ensuring that the victim obtained an abortion. (Doc. 53). Smith made comments indicating that he did not want to be a father again because the date of the incident was one of his children's birthdays. (*Id.*). Additionally, the Government points to statistics indicating the high percentage of domestic violence victims who later recant their testimony after having continued contact with their abuser. (*Id.*). Finally, the Government argues that, before the instant matter, Smith has a history of having protective orders lodged against him and has repeatedly violated the terms of his supervised release. Such violations resulted in him taking ten years to complete a five-year period of supervised release. (*Id.*).

## APPLICABLE LEGAL STANDARDS

Under 18 U.S.C. § 3145(b), if a person is ordered to be detained by a magistrate judge, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The Court reviews the magistrate judge's detention order *de novo*. "This review may be conducted by reviewing the prior

record already considered by the magistrate judge and making a fresh finding on a complete record." *United States v. Correa*, No. 12-CR-20075, 2013 WL 869956, at *3 (C.D. Ill. Mar. 7, 2013) (citing *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)).

## ANALYSIS

In reviewing a detention order, the Court must determine whether release of a defendant on personal recognizance or an unsecured bond would either (1) not reasonably assure the appearance of the person as required or (2) endanger the safety of another person or the community. 18 U.S.C. § 3142(b). "If such a release would not reasonably assure the defendant's appearance or the safety of the community, then the Court must consider whether there is some condition or combination of conditions that would so assure the Court." *United States v. Gadson*, No. 3:14-CR-094-JD, 2015 WL 163553, at *2 (N.D. Ind. Jan. 12, 2015) (citing 18 U.S.C. § 3142(c)). The Bail Reform Act requires clear and convincing evidence that no conditions will reasonably ensure the safety of any other person or the community in order to sustain a detention order. 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739 (1987). A preponderance of the evidence is all the law requires to support a court's finding that a defendant is a flight risk. *See United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1987). Neither of the offenses for which Smith was charged trigger a rebuttable presumption in favor of detention. *See* 18 U.S.C. § 3142(e)(2)–(3).

In determining whether a defendant is a flight risk or poses a danger to the

community, the Court must consider the factors under 18 U.S.C. § 3142(g) including the nature and circumstances of the offense charged (including whether the offense involves a minor victim), the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

After considering Smith's arguments and reviewing Judge Sison's detention order *de novo*, the Court finds that the 18 U.S.C. § 3142(g) factors weigh in favor of finding that no condition or combination of conditions of release will reasonably assure Smith's appearance or assure the safety of any other person and the community.

First, the offenses charged are serious crimes involving Smith's clearly evinced intent to kidnap his pregnant girlfriend at gunpoint (with a prohibited firearm as a felon), cross state lines, and force her to have an unwanted abortion. (Doc. 17, p. 3; Doc. 18, p. 3). Second, the Government has text messages between the victim and multiple family members in which she tells them that Smith is actively threatening to kill her. (Doc. 17, p. 3). The Government also recovered the firearm that Smith tried to ditch before he was apprehended. (*Id.*). Third, Smith's criminal history weighs in favor of detention. He has had multiple protective orders against him and defied the conditions of his previous supervised release. (Doc. 18, p. 3). Smith has a demonstrated history and pattern of using intimidation and violence against his victims and disregarding the law whenever it suits him. (*Id.*). Fourth, this Court is

unconvinced that the victim voluntarily recanted her testimony regarding the event in question. Exhaustive data indicate that, in domestic violence cases, victims are frequently pressured to withdraw or recant accusations of abuse when the abuser is able to contact them (as here). (*Id.*). This Court is, therefore, unconvinced that Smith would abide by any imposed conditions of supervised release, especially given the strong possibility of witness tampering based on the continued contact between Smith and the victim. (*Id.*).

The nature and circumstances of the event charged, the weight of the evidence against Smith, his criminal history, and the potential of Smith posing danger to his victim and others in the community lead this Court to find, by clear and convincing evidence, that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. Additionally, because of Smith's prior history with flaunting the conditions of his supervised release, this Court finds that no set of conditions would guarantee Smith's appearance under the standard of preponderance of the evidence.

## Conclusion

For the reasons set forth above, Kevin L. Smith's Motion to Revoke United States Magistrate Judge Sison's February 10, 2023 Order of Detention is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  October 25, 2023**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
