IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 3:23-cr-30007-SPM-1 |
| | ) | |
| KEVIN L. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT SMITH'S MOTION FOR RECONSIDERATION, RESENTENCING AND APPLICATION OF A DOWNWARD VARIANCE**

COMES NOW Defendant, by and through his undersigned counsel, and pursuant to Federal Rule of Criminal Procedure 35(a), for and in support of his motion for reconsideration of the sentence imposed, resentencing, and imposition of a downward variance, states as follows:

■ **Introduction & Summary of Relief Requested**

On October 1, 2025, the District Court imposed a within-Guidelines sentence and ordered the Defendant to serve 188-months in the U.S. Bureau of Prisons. (R. Docs. 111 and 115). It is both defense counsel's recollection that during at least one point in the Court's pronouncement of judgment (but perhaps two times) the Court stated something to the effect that there "were no exceptional (or "extraordinary")

circumstances that would justify a variance from the Guidelines range."[1] Defendant respectfully argues that "exceptional circumstances" (or "extraordinary circumstances") are not required to apply a downward variance and the District Court therefore applied, or at least stated, an incorrect standard in determining the applicability of a variance and the ultimate sentence. Defendant requests that the judgment be vacated and this matter be set for resentencing in accordance with the proper standard at which time a downward variance be applied.

- ■ Discussion

For purposes of federal sentencing, "[t]he sentencing court must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Nelson v. United States*, 555 U.S. 350, 351 (2009).

Having agreed that the U.S.S.G. range set forth in the second revised presentence investigation report was correct, the Defendant appeared at sentencing seeking a downward variance and below-Guidelines sentence. A defendant can seek a downward variance from the Guidelines by arguing, for example, that the Guidelines do not "reflect § 3553(a) considerations," "reflect an unsound judgment,"

---

[1] Defense counsel is paraphrasing the Court's pronouncement based off counsel's recollection and notes as no transcript has yet been requested or prepared. Given the deadlines associated with the final judgment Counsel is memorializing this objection for the record and requesting relief.

or "do not ... treat certain defendant characteristics in the proper way." *Rita v. United States*, 551 U.S. at 351, 357 (2007). A downward variance from the U.S. Sentencing Guidelines is justified if unique circumstances of the offense or offender are present to a degree not adequately considered by the guidelines, if the sentence is not "sufficient, but not greater than necessary" to meet the sentencing goals (18 U.S.C. § 3553(a)).

The Defendant in this case argued several §3553(a) factors that supported the imposition of a downward variance, including: his unique individual characteristics (his lack of prior incarceration when contrasted to such a lengthy Guidelines range, the unique nature and situational circumstances of the crime, the period he has been already spent incarcerated, the lack of incremental justice in his life to date, his lack of prior programming, etc.) (See §3553(a)(1)). The Defendant also argued the effectiveness of a lower-than-Guidelines sentence to satisfy all the §3553(a)(2) considerations. The Defendant also argued the proportionality of the Government's requested sentence considering the Government's initial valuation of the core conduct of the case. (See 18 U.S.C. §3553(a)(1)). A variety of factors were presented by the Defendant to the District Court which would have supported a downward variance.

When a within-Guidelines sentence was pronounced by the Court, both defense counsel recall the Court stressing that there were no "exceptional circumstances" or "extraordinary circumstances" that would warrant a below-Guidelines sentence. While no objection was lodged at the hearing, defense counsel

(both) have reflected on the Court's pronouncement and believe the judgment of the Court was arrived at (or at a minimum pronounced) using an incorrect standard.

A downward variance under §3553(a) does not require "exceptional circumstances" or "extraordinary circumstances." The words "exceptional" and "extraordinary" do not even appear in the statute.[2] Instead, 18 U.S.C. §3553(a) instructs a Court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of [§3553(a)]."

When a judge sentences a defendant outside the advisory Guidelines range, "he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of variance ..... [A] major departure should be supported by a more significant justification than a minor one." *Gall v. United States*, 552 U.S.38, 50 (2007); *United States v. Presbitero*, 569 F.3d 691, 707 (7th Cir. 2009). The judge must give a justification that explains and supports the magnitude of the variance. *United States v. Eubanks*, 593 F.3d 645, 656 (7th Cir. 2010). So, while justification is required, no "exceptional circumstances" or

---

[2] An exception to the "exceptional" language may occur by reference in that "Drug addiction or abuse is not a proper reason to impose a downward variance, absent **exceptional circumstances**." See 18 U.S.C. § 3553(a)(5)(A) (instructing sentencing courts to consider the policy statements of the Sentencing Commission); see also U.S.S.G. § 5H1.4 ("Drug or alcohol dependence or abuse is not a reason for a downward departure"); U.S.S.G. § 5K2.0(a)(4) ("An offender characteristic or other circumstance identified in Chapter Five, Part H (Offender Characteristics) ... as not ordinarily relevant in determining whether a departure is warranted may be relevant ... only if such offender characteristic or other circumstance is present to an exceptional degree.").

"extraordinary circumstances" need exist to warrant or explain the justification so long as it comports with the specified considerations of §3553(a).

■ **Conclusion**

Defendant believes that the Court improperly declared a limitation on its sentencing discretion that "exceptional circumstances" (or "extraordinary circumstances") must exist before a downward variance could be granted. Defendant argues that sufficient grounds for a downward variance were presented under §3553(a)(1) and (2) and the Court was within it discretion to impose such a variance.

WHEREFORE, Defendant requests that the District Court vacate the sentence; set this matter for a new sentencing hearing where it reconsiders the standard for the imposition of a downward variance and apply the same pursuant to the considerations of 18 U.S.C. §3553(a); and for such further relief as the Court may deem just and proper in the premises.

Respectfully submitted,

NEWTON BARTH, L.L.P

By: /s/ Talmage E. Newton IV
Talmage E. Newton IV, ARDC6305302
talmage@newtonbarth.com
555 Washington Ave., Ste. 420
St. Louis, Missouri 63101
(314) 272-4490 - Office
(314) 762-6710 - Facsimile

LAW OFFICES OF ROBERT L. ELOVITZ

By: /s/ Robert L. Elovitz (with permission)
Robert L. Elovitz
elovitzlaw@gmail.com
521 St. Louis Street
Edwardsville, IL 62025
(618) 692-4800 - Office
(618) 692-4898 - Facsimile

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was electronically served on all parties of record and filed with the court via the court's e-filing System on this 2nd day of October, 2025.

/s/ Talmage E. Newton IV