# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case No. 23-CR-30007-SPM |
| **KEVIN L. SMITH,** | |
| Defendant. | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is a Motion for Reconsideration, Resentencing, and Application of a Downward Variance pursuant to Federal Rule of Criminal Procedure 35(a) filed by Defendant Kevin L. Smith (Doc. 118). For the reasons set forth below, the Motion is **DENIED**.

### FACTUAL & PROCEDURAL BACKGROUND

The Government filed a two-count indictment against Smith on January 18, 2023 charging him with kidnapping in violation of 18 U.S.C. § 1201(a)(1) (Count 1) and with possession of a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 2). (*See* Doc. 1). Smith pleaded guilty via a Plea Agreement on July 1, 2024. (Doc. 68). As part of the Plea Agreement, the Government agreed to dismiss Count 2 at time of sentencing. (*See id.*, p. 1). Smith's sentencing was originally set for October 15, 2025 (Doc. 67), but was incrementally continued multiple times. (*See* Docs. 80, 82, 85, 87, 91, 100, 104; *see also* Docs. 81, 83, 86, 88, 89, 92, 101, 105). An evidentiary hearing was held on August 21, 2025 in which the Government requested

approval to withdraw from their obligations under the plea agreement (Doc. 93); this Court approved the Government's request. (*See* Doc. 106). On October 1, 2025, this Court sentenced Smith to 188 months imprisonment and three years of supervised release as to Count 1 of the Indictment (*See* Doc. 115). The Government moved to dismiss Count 2 orally during the sentencing hearing, which this Court granted. (*See* Doc. 122, 40:14–17). Smith filed the instant timely Motion in accordance with Federal Rule of Criminal Procedure 35(a) on October 2, 2025. (Doc. 118). The Government responded on October 16, 2025. (Doc. 123).

## LEGAL STANDARD

Once a district court enters final judgment, it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996); *see United States v. Bechtel*, No. 09-cr-30007-DWD (S.D. Ill. 2020) (Doc. 144, p. 1) (citing the same). Under Federal Rule of Criminal Procedure 35(a), a motion to correct "arithmetical, technical, or other clear error" must be filed within 14 days after sentencing. The Seventh Circuit has held that the scope of Rule 35(a) is "quite narrow" and "permits district judges to correct only 'obvious' technical errors." *United States v. Palm*, No. 24-1992, 2025 WL 1088187, at *1 (7th Cir. Apr. 11, 2025) (citing *United States v. Clark*, 538 F.3d 803, 809 (7th Cir. 2008)).

## ANALYSIS

In his Motion, Smith argues that this Court erroneous applied a heightened standard when imposing Smith's sentence. "It is both defense counsel's recollection that during at least one point in the Court's pronouncement of judgment (but perhaps

two times) the Court stated something to the effect that there 'were no exceptional (or "extraordinary") circumstances that would justify a variance from the Guidelines range.'" (Doc. 118, pp. 1–2 (footnote omitted)). Smith argued at his sentencing and in the instant Motion that various 18 U.S.C. § 3553(a) factors support the imposition of a downward variance from the Guidelines range, including his "unique individual characteristics (his lack of prior incarceration when contrasted to such a lengthy Guidelines range, the unique nature and situational circumstances of the crime, the period he has been already spent incarcerated, the lack of incremental justice in his life to date, his lack of prior programming, etc.)." (Doc. 118, p. 3 (citing § 3553(a)(1))). He asserts that "[w]hen a within-Guidelines sentence was pronounced by the Court, both defense counsel recall the Court stressing that there were no 'exceptional circumstances' or 'extraordinary circumstances' that would warrant a below-Guidelines sentence." (*Id.*, p. 4). Smith insists that "[a] downward variance under §3553(a) does not require 'exceptional circumstances' or 'extraordinary circumstances.' The words 'exceptional' and 'extraordinary' do not even appear in the statute." (*Id.* (footnote omitted)). They argue that the § 3553(a) factors indicate that a below-Guidelines sentence would be sufficient, but not greater than necessary in Smith's circumstances. (*Id.*, p. 3). Smith's counsel of record both admit that "no objection was lodged at the hearing. (*Id.*).

In opposition, the Government notes that the Second Revised Presentence Investigation Report ("PSR") calculated Smith's Guidelines range as 188–235 months' imprisonment. (Doc. 123, p. 1 (citing Doc. 99)). They argue that "Defendant withdrew all objections to the PSR and agreed that the guideline calculations were

correct at 188 – 235 months." (*Id.* (citing *id.*, Ex. 1, 6:23–7:3); *see also* Doc. 122). The Government asserts that this Court "correctly explained the role of the USSG Guidelines" and "highlighted many of the 3553(a) factors that it would consider in arriving at a sentence and also mentioned 3553(a)'s parsimony clause." (Doc. 123, p. 2 (citing *id.*, Ex. 1, 9:15–24)). The Government argues that the sentencing transcript shows that "the Court recognized the advisory nature of the guidelines, as well as the ability to discretionarily sentence above or below the guideline range based upon the 3553(a) factors." (*Id.*). The Government also notes that "[a]t the beginning of his argument, counsel for Defendant acknowledged that Defendant was requesting an 'exceptional' downward variance" (*id.*, Ex. 1, 33:13) and that "[c]ounsel also acknowledged binding precedent that requires sentencing courts to justify major variances from the guidelines with 'a more significant justification.'" (*Id.* (citing Doc. 118, p. 4; *Gall v. United States*, 552 U.S.38, 50 (2007))).

The Government argues that this Court "considered the 3553(a) factors, including the nature of the offense and the history and characteristics of the Defendant" and specifically points to this Court's assertion during the sentencing hearing that "this isn't a run-of-the-mill case" and that "there's arrows that point in different directions in this case. The principal one, though, is you kidnap a woman, brandish a firearm, you threaten to use it, and you are forcing her to decide between her own life and the life of her unborn baby." (*Id.* (citing Doc. 122, 35:5–11)). The Government does note that Smith's counsel indicated that they prepared the instant Motion without the benefit of the hearing transcript. (*Id.*, p. 3 (citing Doc. 118, p. 1 n.1)). The Government indicates that this Court "made just one reference to

'extraordinary circumstances' during it's [sic] conclusion, immediately before adjourning," when this Court stated that "when looking at what extraordinary circumstances exist that would justify me going below the guidelines, I really don't see any." (*Id.* (citing Doc. 122, 42:3–6)). The Government argues that "[d]espite conceding that the guidelines were properly calculated, that the underlying offense was a violent kidnapping involving the use of a firearm and death threats, [and] that Defendant obstructed justice between plea and sentencing," that Smith still "argued for a 120 month sentence; just 63% of the low-end of the guidelines. Such a significant variance from the guidelines would require the court to find a significant justification." (*Id.*, p. 4; *see also* Docs. 93, 106).

Considering the above and after reviewing the transcript of the sentencing hearing in detail (*see* Doc. 122), this Court holds that it fully and completely considered the circumstances surrounding Smith's conduct when sentencing him to a Guidelines sentence of 188 months' imprisonment. As the Government notes, this Court specifically mentioned its duty to impose sentences that are "sufficient, but not greater than necessary" in line with the so-called "parsimony provision" of § 3553(a). (Doc. 122, 9:22–24 (discussing this provision)); *see United States v. Swank*, 37 F.4th 1331, 1334 (7th Cir. 2022). In *Swank*, the Seventh Circuit held that "the district court's comments [at sentencing did] not undermine our confidence that it applied the § 3553(a) factors appropriately" because it "provided meaningful consideration of the factors, addressed Swank's arguments regarding a variance, and stated the factors that formed the basis for Swank's sentence." 37 F.4th at 1334–35. The Seventh Circuit noted that the district court "imposed a 210-month sentence because of

Swank's risk to recidivate and the danger he posed to others. Combined with Swank's extensive criminal history exhibiting a pattern of similar conduct, the district court determined that Swank's case did not call for a variance." *Id.* at 1335.

This Court stated the following during Smith's sentencing:

> The drive from St. Charles to the Planned Parenthood clinic in Fairview Heights is a long drive, so you had time to contemplate what you were doing. You had time for a cooling-off period as we say. Sometimes we have people in here who, in the moment of seconds, make a bad decision that they can't take back, pull a firearm and fire it before they even fully appreciate what they've done, or I've had cases where people were so whacked out on a particular drug or alcohol that they did something terrible to a loved one that they terribly regret. This case carries a significant penalty for you because it wasn't a momentary lapse or it wasn't, you know, the dumbest five minutes of your life. You had time to plan. You had time to think about the ramifications. You drove over to her place of work. You had time to think about it then. The evidence is you guys sat in the car for an extended period of time; and when she would not concede to have an abortion, you inform her you're taking her to Planned Parenthood in Fairview Heights, Illinois. When you pled guilty, I thought 108-month sentence was not unreasonable, but then you're trying to talk the victim out of it. You're trying to get her to lie for you. It is manipulative. The one incident at your ex's home where you showed up. You claimed you had a gun. She thought you had a gun. She believed it. When the cops started -- when you realize the cops had been called, you hand the gun to somebody in a different car. You get into a truck. You start to back out. The cops stop you. You and firearms don't mix, and I've seen too many of these cases to know that this so easily could have resulted in a murder. If she starts fighting you, if she starts reaching for the gun -- obviously, she's scared because we have her text messages that she was sending contemporaneous with this incident. She doesn't know if she's going to survive. She goes for the gun. It's very easy to pull the trigger or start fighting with her while you're driving down an interstate highway and crash.

(*Id.*, 35:12–37:5). This Court continued, stating that the increase in the Government's sentencing recommendation (from 108 to 198 months) was a "pretty steep increase; but when I look at the sentencing guidelines, they were properly calculated; and when I look at the reasons that would justify a substantial downward departure from those

guidelines, I don't see it; and if I don't see it, I can't give it." (*Id.*, 37:8–13). This Court concluded the hearing with the following remarks:

> Mr. Smith, this is a sad day, it's a sad case, and the -- historically, it looks like you have not been held to account for some of the mistakes that you've made in our criminal justice system, and you've missed the opportunity of what we talked about is incremental sentencing. I've strongly considered that, but the nature of the crime is such that I think the sentence imposed is appropriate. I think that you need to seek any kind of mental health or counseling you can while you are in prison because there does seem to be some underlying issues that you may have, and those underlying issues may be complicated by alcohol or drug use, which is often the case. When people seek to self-medicate for underlying depression, anxiety or other mental health issues instead of getting the necessary and appropriate care, it tends to make situations worse. So I would recommend that the Bureau of Prisons sends you to a facility where you can take advantage of mental health counseling.

(*Id.*, 40:18–41:14).

Thus, the sentencing hearing transcript confirms that, like in *Swank*, this Court analyzed the facts of this case, utilized the appropriate standard, and considered the § 3553(a) parsimony clause when imposing a Guidelines sentence of 188 months. (*See* Doc. 122). Thus, while Smith may disagree with this Court's application of the § 3553(a) factors in his sentencing, such discontent does not rise to the level of an obvious "arithmetical, technical, or other clear error" in line with Rule 35(a).

Therefore, considering the above, Defendant Kevin Smith's Motion for Reconsideration, Resentencing, and Application of a Downward Variance (Doc. 118) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   October 22, 2025**

**s/ *Stephen P. McGlynn*** 
**STEPHEN P. McGLYNN**
**U.S. District Judge**
